# EXHIBIT A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

Office
FEB 2 6 2014
Court of the District of Columbia Washington, D.C.

SHAHID SHEIKH
15003 Jarski Court
Centerville, VA 20120

Plaintiff,

v.

CASE NO. 14-0001170

Judge:

THE DISTRICT OF COLUMBIA
c/o Mayor VINCENT GRAY
John A. Wilson Building, Suite #419
1350 Pennsylvania Avenue, N. W.
Washington, D.C. 20004

c/o Attorney General for the
District of Columbia
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

and

OFFICER NICOLE SPADY
c/o Second district, Metropolitan Police Department, Washington, D,C,
3320 Idaho Avenue NW
Washington, D.C. 20001

and

OFFICER GREGORY CURRY
c/o Second district, Metropolitan Police Department, Washington, D,C,
3320 Idaho Avenue NW
Washington, D.C. 20001

and

ABC Licensed Bar No. 1
1200 block of Connecticut Avenue NW
Washington, D.C.

and )
)
ABC Licensed Bar No. 2 )
1200 block of Connecticut Avenue NW )
Washington, D.C. )
)
and )
)
ABC Licensed Bar No. 3 )
1200 block of Connecticut Avenue NW )
Washington, D.C. )
)
Defendants. )

**COMPLAINT**

1. The jurisdiction of the Court is invoked pursuant to §11-902 and §13-423 of the D.C. Code (2001 Edition) and pursuant to Title 42, U.S.C. §§1983 and 1988, and the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States of America. All acts and omissions alleged herein occurred in Washington, D.C..

a. Plaintiff Sheikh is a citizen of the Commonwealth of Virginia.

b. Upon information and belief, Defendant Spady is a citizen of the District of Columbia. Defendant Spady was at all times relevant herein a uniformed officer of the Metropolitan Police Department of the District of Columbia. However, while acting under color of law, she was engaged in a reimbursable detail providing patrol and crowd control duties in an area surrounding Alcoholic Beverage Control licensed establishments under D.C. Code § 25-298, and in this instance for the unknown Defendants ABC Bar's Nos 1, 2 and 3 who paid for her police services to the District of Columbia Office of the Chief Financial Officer.

c. Upon information and belief, Defendant Curry is a citizen of the District of Columbia. Defendant Curry was at all times relevant herein a uniformed officer of the

Metropolitan Police Department of the District of Columbia. However, while acting under color of law, he was engaged in a reimbursable detail providing patrol and crowd control duties in an area surrounding Alcoholic Beverage Control licensed establishments under D.C. Code § 25-298, and in this instance for the unknown Defendants ABC Bar's Nos 1, 2 and 3 who paid for his police services to the District of Columbia Office of the Chief Financial Officer.

    d. Defendant District of Columbia, the employer of Defendants Spady and Curry, was engaged in its policy, custom and practice of providing uniformed police officers paid for by Alcoholic Beverage Control (ABC) licensees under D.C. Code § 25-298. The District provided these officers to the licensees for a fee to perform reimbursable police details to maintain public safety and to provide crowd control in and around the defendants' licensees premises for the benefit of these ABC establishments.

    e.    Defendants ABC Licensed Bars 1, 2 and 3 are presently unknown alcohol dispensing establishments that hold licenses issued by the District of Columbia Alcoholic Beverage Control Board. These defendants undertook a duty to provide for public safety and exercise crowd control in and around the area of their premises by purchasing the services of uniformed police officers from the Metropolitan Police Department under the provision of D.C. Code § 25-298, During the periods of these reimbursable details, Defendants ABC Licensed Bars 1, 2 and 3 exercised control over the police officer in the performance of these public safety and crowd control activities.

    f.    Plaintiff has satisfied the requirements of D.C. Code 12-309.

    g.    The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

**Preliminary Statement of Facts**

This cause of action arises out of an incident in the early morning hours of February 27, 2011 while Plaintiff and others were in the 1200 block of Connecticut Avenue NW, Washington, D.C. At the time, Plaintiff and his companions exited an ABC licensed establishment called the Current Lounge located at 1215 Connecticut Avenue NW. At the time and place aforesaid, the area of the 1200 block of Connecticut Avenue where Plaintiff and his companions were located was in an area covered by a reimbursable detail for Alcoholic Beverage Control Establishments zone in which all defendants had accepted a duty, pursuant to D.C. Code § 25-298, to provide for the public safety and exercise crowd control measures for those citizens within the zone.

Specifically, Defendants Spady and Curry, were uniformed District of Columbia police officers and acting under color of law, and were engaged in a reimbursable detail for Alcoholic Beverage Control Establishments under Metropolitan Police Department General Order 308.15. The relationship thus created among the Defendants was such that Defendants Spady and Curry were jointly controlled by Defendant District of Columbia and Defendants ABC Licensed Bars 1, 2 and 3.In this reimbursable detail, Defendants ABC Licensed Bars 1, 2 and 3, whose identity is presently unknown, paid compensation to D.C. Office of Chief Financial officer to secure the presence and police officer services of Defendants Spady and Curry within the zone.

Under the reimbursable detail for Alcoholic Beverage Control Establishments of General Order 308.15 and D.C. Code § 25-298, all Defendants were obligated to provide safety to the Plaintiff and other citizens who were within the zone of their reimbursable

detail responsibility, and the Defendants were obligated to protect the Plaintiff should he be threatened by acts of violence by others within the zone of Defendants' responsibility.

While he was in the reimbursable detail zone, Plaintiff was exposed to the risk of injury by the threatening conduct of other individuals, including Bashir Aslami and Mehdi Aslami who were also in the zone. Fearful for his safety, Plaintiff met with Defendants Spady and Curry at their duty station situated in the zone and showed them the threat posed by the Aslamis and others, and pleaded for the police officers to intervene to prevent him from suffering physical harm.

Defendants Spady and Curry, in violation of Plaintiff's constitutional rights, and in violation of their duty to provide public safety and exercise crowd control for persons within the reimbursable detail zone, ignored Plaintiff's pleas for protection and directed him to move away from their duty station. Thereafter, Bashir Aslami and Mehdi Aslami and others who had earlier threatened Plaintiff, made good on their threats and attacked the Plaintiff near the duty station and inflicted severe personal injuries on the Plaintiff.

Defendants Spady and Curry while still working within the scope of their reimbursable detail responded to the injured Plaintiff from the duty station and assumed responsibility to prepare the police report for this occurrence. This police report was the public record of the incident. In preparing the police report, under color of law, Defendants Spady and Curry wrongly and in violation of Plaintiff's constitutional rights, concealed from the police report and public record the material fact that Defendants Spady and Curry had refused to intervene and prevent the impending assault which the Plaintiff had pleaded with them to prevent.

Plaintiff, when he obtained the police report, timely notified the Metropolitan Police Department that Defendants Spady and Curry had falsified the public record of the occurrence. Defendants Spady and Curry thereafter prepared a supplemental report, an MPD Form 252, in which these Defendants were required to correct their inaccurate and falsified account of the occurrence. The subject MPD Form 252 prepared by Defendants Spady and Curry to correct the police report is an internal document of the Metropolitan Police Department which Defendants have refused to release despite Plaintiff's repeated requests and efforts.

Plaintiff persisted in his efforts to hold accountable both Defendants Spady and Curry and the other defendants who paid for and provided Defendants Spady's and Curry's police services on the night and at the location of the occurrence under the reimbursable detail for Alcoholic Beverage Control Establishments of General Order 308.15 and D.C. Code § 25-298. In the course of Plaintiff's efforts, Defendant District of Columbia opened up an Office of Police Complaints investigation file, OPC Complaint No. 11-0221. However, Defendant District of Columbia has not provided information from this investigation, and by the Defendants' refusal to conduct an investigation, under color of law has condoned Defendants Spady's and Curry's wrongdoing, cover up and constitutional violations of Plaintiff's rights which proximately caused Plaintiff injuries.

On April 3, 2013, Officer Spady gave false testimony in a criminal prosecution against the assailants who injured the Plaintiff, *United States v Bashir Aslami and Mehdi Aslami*, Docket No. 2012 CMD 006881. In her testimony, Defendant Spady falsely testified that she and Officer Curry had actually heeded the pleas of Plaintiff, while he was in the reimbursable detail zone and was being threatened with personal injury.

Defendant Spady testified that she and Officer Curry, acting under color of law, had properly acted to protect the public safety by conducting an investigation into Plaintiff's contention that he was under threat of bodily harm by assailants within the zone. Defendant Spady falsely testified that she and Officer Curry, acting under color of law, had moved about and canvassed the reimbursable detail zone in search of prospective assailants, and using recognized and proper police procedures, had ruled out the presence of any prospective assailants who might pose a threat to the Plaintiff or that there was any prospect of an assault upon him within the zone. Defendant Spady's sworn testimony was false and known by her to be false when given under oath, and was part of a cover up, executed under color of law, that was intended to deprive Plaintiff of his constitutional rights.

**COUNT I**
**(42 U.S.C. § 1983 – Defendants Spady and Curry)**

1. On or about February 27, 2011 at approximately 1:00 a.m., Defendants Spady and Curry were uniformed police officers of the Metropolitan Police Department at a duty station located in the 1200 block of Connecticut Avenue NW Washington D.C. assigned to a reimbursable detail for Alcoholic Beverage Control Establishments under General Order 308.15 and D.C. Code § 25-298.

2. Defendants Spady's and Curry's duties in their reimbursable detail required them to provide public safety for those citizens within the reimbursable detail zone of the 1200 block of Connecticut Avenue NW where licensed Alcoholic Beverage Control Establishments were located and to exercise crowd control measures to protect those members of the public within the zone from harm.

3. Defendants ABC Licensed Bars 1, 2 and 3 had entered into an agreement,

pursuant to D.C. Code § 25-298, with the Metropolitan Police Department to pay for uniformed police officers, and in this case Defendants Spady and Curry, to secure the zone around their licensed Alcoholic Beverage Control Establishments against assaults and to protect the public who gathered around their establishments from harm.

4. Defendant District of Columbia profited from the reimbursable details for which it provided its uniformed officers of the Metropolitan Police Department whose police duty was the responsibility to exercise crowd control measures to protect those members of the public from harm within the zone of the licensed establishments.

5. At all times relevant to this complaint, Defendants District of Columbia and Defendants ABC Licensed Bars 1, 2 and 3 exercised control over Defendants Spady and Curry in the performance of their duties in the course of the reimbursable detail in the 1200 block of Connecticut Avenue NW zone to protect those members of the public from harm within the zone of the licensed establishments.

6. At the time and place aforesaid, Plaintiff Shiekh and his companions, having exited a licensed establishment, were in the 1200 block of Connecticut Avenue NW and were within the protected class of the reimbursement detail for whom all Defendants owed them a special duty to protect from harm and exercise crowd control under General Order 308.15 and D.C. Code § 25-298.

7. While in this protected class, Plaintiff Shiekh and his companion, Homaira Sherdil, were confronted and threatened with harm by others, including Bashir Aslami and Mehdi Aslami, who had also exited a licensed establishment and were within the aforesaid reimbursable detail zone.

8. Plaintiff and Sherdil approached Defendants Spady and Curry at their nearby duty

station within the zone and pointed out Bashir Aslami and Mehdi Aslami and others who were lurking menacingly nearby to the Defendants, and requested Defendants to protect them from the imminent harm that the nearby and clearly visible assailants presented to Plaintiff and Sherdil.

9. Defendants Spady and Curry, while acting under color of law as uniformed police officers in the course of their reimbursable detail, owed a duty to protect Plaintiff, who was within the protected class of the reimbursable detail zone, from harm and to exercise crowd control under General Order 308.15 and D.C. Code § 25-298 to prevent injury that threatened the Plaintiff.

10. Defendants Spady and Curry, acting under color of law and in violation of Plaintiff's constitutional rights, and in violation of their duty to provide public safety and exercise crowd control for persons within the reimbursable detail zone, ignored and refused Plaintiff's pleas for protection and otherwise exposed him to risk of injury from the imminent harm near their duty station.

11. As a direct and proximate result of the refusal of Defendants Spady and Curry, acting under color of law in violation of Plaintiff's constitutional rights, and in violation of their police duty to protect him from imminent harm within the zone, Plaintiff was assaulted by Bashir Aslami and Mehdi Aslami and others and was caused to suffer severe permanent and painful injures.

WHERFORE, Plaintiff Shahid Sheikh demands judgment against Defendants Nicole Spady and Gregory Curry in the amount of Five Hundred Thousand Dollars ($500,000.00) Dollars, and his reasonable attorney's fees, plus costs.

**COUNT II**
**(42 U.S.C. § 1983 – Defendants Spady and Curry)**

The Plaintiff incorporates the allegations of Count I, and makes it a part herein, and further states:

12. Defendants Spady and Curry, acting under color of law, learned of an assault upon Plaintiff near their duty station by persons within the reimbursable detail zone shortly after Plaintiff had unsuccessfuly pleaded with Defendants Spady and Curry to protect him from the threat of imminent harm by these persons.

13. Defendants Spady and Curry, acting under color of law, undertook the police duty of making a police report, which is a public record, of the occurrence in which Plaintiff was assaulted within the reimbursable detail zone.

14. In undertaking this reporting duty, Defendants Spady and Curry, acting under color of law, were required to prepare a police report that fully, completely and accurately described all material matters related to the occurrence including any error of omissions on Defendant's part that caused or contributed to the reported occurrence.

15. In executing this reporting duty, Defendants Spady and Curry, acting under color of law, wrongly conspired to cover-up their refusal to: 1) provide public safety, 2) exercise proper crowd control within in the zone and 3) intervene to prevent the imminent assault upon the Plaintiff, and their violation of Plaintiff's constitutional right to have a full, complete and accurate account of the assault in the police report. by omitting and concealing any reference to their failure to intervene and properly exert their police duties.

16. Thereafter, Plaintiff, upon discovering the false, inaccurate and inadequate police report, made a written complaint to the Metropolitan Police Department pointing

out the substandard conduct of Defendants Spady and Curry and their violations of his constitutional rights.

17. Defendants Spady and Curry, under color of law and in furtherance of their conspiracy to cover-up their wrongdoing as aforesaid, then executed a supplemental report (PD 252) report in which they persisted in concealing and covering-up their wrongdoing and persisted in their violations of Plaintiff's constitutional rights.

18. Later Defendant Spady, in furtherance of Defendants Spady and Curry conspiracy to cover-up their wrongdoing, gave false testimony in a criminal proceeding stating that she and Defendant Curry had not refused Plaintiff's request to intervene at the duty station to prevent an imminent assault that was inflicted upon Plaintiff within the zone, but instead that she and Curry had exercised and complied with proper police procedures by honoring Plaintiff's request to intervene. Defendant Spady falsely testified that she and Curry had competently and thoroughly canvassed the zone and confronted persons in the reimbursable detail zone who might pose a threat to Plaintiff and had properly ruled out the presence of any person posing a risk of an imminent attack upon the Plaintiff.

19. Defendants Spady and Curry, acting under color of law, repeatedly wrongly violated Plaintiff's constitutional rights to have a fair and judicious to review or determine whether police misconduct had resulted in harm to Plaintiff, and into the violation of Plaintiff's constitutional rights and otherwise violated his due process rights.

WHERFORE, Plaintiff Shahid Sheikh demands judgment against Defendants Nicole Spady and Gregory Curry in the amount of Five Hundred Thousand Dollars ($500,000.00) Dollars, and his reasonable attorney's fees, plus costs.

**(COUNT III)**
**(42 U.S.C. §1983-District of Columbia)**

The Plaintiff incorporates the allegations of Count I and II, and makes it a part herein, and further states:

22. Defendant District of Columbia, its supervisory officers in the Metropolitan Police Department, were duly appointed to uphold the constitutional rights of citizens by investigating incidents involving assaults and incidents in which constitutional rights of citizens to be protected from assaults and imminent harm while in a reimbursable detail zone, to determine if any member of the Metropolitan Police Department had wrongfully, under color of law, refused to intervene to protect a citizen in violation of that citizen's constitutional rights.

23. Defendant District of Columbia, through its officials and agents of Metropolitan Police Department, in violation of their oaths and duties as law enforcement officials and under color of law in violation of the operating procedures of the Metropolitan Police Department, conspired to cover-up the wrongdoing and failure of Defendants Nicole Spady and Gregory Curry to protect the constitution rights of Plaintiff by ignoring evidence of Defendants Nicole Spady's and Gregory Curry's wrongful and illegal conduct. Defendant District of Columbia refused to give the appropriate weight and consideration to the facts surrounding the reimbursable detail incident by ignoring witness statements and other evidence which corroborated Plaintiff's version of events.

24. The acts and omissions by Defendant District of Columbia violated the Plaintiff's rights to be free from deprivation of liberty and free from illegal assaults

without due process of law under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

25. Agents of the District of Columbia, within the Metropolitan Police Department, acting within the scope of their authority and under color of law, all participated in a custom, policy and practice of condoning the violations of citizens constitutional rights by police officers, which included the failure to intervene and protect citizerns with the zone of a reimbursable detail, condoning without investigation materials omissions in police reports and public records which falsely portrayed the facts of a criminal incident and concealed police misconduct, condoning police wrongdoing when reported through regular police channels by failing to appropriately investigate reports and notices of police officer misconduct that had violated constitutional rights of citizens and caused injury, and condoning without investigation false testimony by police officers which misstated the facts of an occurrence involving police powers and constitutional rights. Defendant District of Columbia, acting under color of law, failed to properly investigate police misconduct when reported, by failing to take the appropriate steps to obtain and review the evidence fairly and judiciously to determine whether police misconduct had resulted in harm and in the violation of a citizen's constitutional rights and otherwise violated the due process rights of the Plaintiff.

26. As a direct and proximate cause of the wrongdoing of Defendant District of Columbia, through its agents and officials of the Metropolitan Police Department, acting under color of law, no proper investigation or action was taken against Defendants Nicole Spady and Gregory Curry for their violation of the Plaintiff's constitutional due

process rights, and Defendants Nicole Spady and Gregory Curry were allowed to cover up their wrongful and unconstitutional conduct.

WHEREFORE, Plaintiff Shahid Sheikh demands judgment against Defendant District of Columbia in the amount of Five Hundred Thousand ($500,000.00) Dollars, and his reasonable attorney's fees, plus costs.

**COUNT IV**
**(Negligence)**

The Plaintiff incorporates the allegations of Count I, II and III, and makes them a part herein, and further states:

27. On or about February 27, 2011 at approximately 2:00 AM, Plaintiff and others were lawfully in the 1200 block of Connecticut Avenue NW, Washington, D.C. at a time when said location was within a reimbursable detail for Alcoholic Beverage Control Establishments zone patrolled by Metropolitan Police Department police officers Spady and Curry.

28. The reimbursable detail for Alcoholic Beverage Control Establishments zone in the 1200 block of Connecticut Avenue NW existed pursuant to an agreement between Defendant District of Columbia and Defendants ABC Licensed Bars 1, 2 and 3. Defendants ABC Licensed Bars 1, 2 and 3 had paid compensation to D.C. Office of Chief Financial officer to secure the presence of Defendants Spady and Curry to provide for the public safety and exercise crowd control measures for those citizens within the zone.

29. The relationship thus created among the Defendants was such that Defendants Spady and Curry were jointly controlled by Defendant District of Columbia and Defendants ABC Licensed Bars 1, 2 and 3. Defendant District of Columbia and Defendants ABC Licensed Bars 1, 2 and 3 are vicariously liable for any negligence or wrongdoing by Defendants Spady and Curry.

30. At the time and place, Plaintiff, while within the reimbursable detail for Alcoholic Beverage Control Establishments zone in the 1200 block of Connecticut Avenue NW was threatened with physical harm by Bashir Aslami and Mehdi Aslami and others who were also in the zone.

31. Plaintiff alerted Defendants Spady and Curry while they were at their duty station within the zone of threat of imminent peril posed by Bashir Aslami and Mehdi Aslami and others who were also in the zone, and requested Defendants Spady and Curry to intervene and prevent an imminent attack upon him.

32. Under the reimbursable detail for Alcoholic Beverage Control Establishments of General Order 308.15 and D.C. Code § 25-298, Defendants Spady and Curry owed a duty to intervene and to take such police actions as was necessary to provide for the public safety and exercise crowd control measures for those citizens within the zone to prevent such an attack.

33. Defendant Spady and Curry breached the duty that they owed Plaintiff to intervene under General Order 308.15 and D.C. Code § 25-298,and refused to take such necessary police prevention actions as necessary to prevent the imminent attack upon Plaintiff within the zone.

34. As a proximate result of Defendant Spady's and Curry's breach of the duty they owed Plaintiff under General Order 308.15 and D.C. Code § 25-298, Plaintiff was attacked by Bashir Aslami and Mehdi Aslami and others and sustained sevre, permanent and painful injuries.

35. As a proximate result of the injuries aforesaid, Plaintiff has sustained damages and suffered severe, painful and permanent injuries to his body and will

continue to suffer into the future physical pain and mental pain and anguish, incurred and will continue to incur medical costs and expenses, lost time from employment and loss of earnings capacity and incurred and will continue to incur into the future other costs and expenses recoverable under the law.

WHEREFORE, Plaintiff Sheikh demands judgment against Defendant Nicole Spady, Gregory Curry, the District of Columbia and Defendants mABC Òicensed Bars Nos. 1, 2 and 3, jointly and severally, in the amount of One Million ($1,000,000.00) Dollars, plus costs of this suit and interest.

Respectfully submitted,

CHARLES C. PARSONS & ASSOCIATES,

Charles C. Parsons, Esq. #49254A
128 C Street, N.W.
Washington, D.C. 20001
(202) 638-3375
cparsons@cparsonslaw.com

Charles Krikawa, IV #271981
128 C Street, N.W.
Washington, D.C. 20001
(202) 638-3375
ckrikawa@cparsonslaw.com

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues alleged herein.

CHARLES C PARSONS