UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAHID SHEIKH,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendant.

Civil Action No. 14-798 (CKK)

MEMORANDUM OPINION
(June 23, 2014)

Plaintiff Shahid Sheikh has filed suit against the District of Columbia, Officers Nicole Spady and Gregory Curry, and ABC Licensed Bars Nos. 1-3. Presently before the Court is Plaintiff's [4] Motion to Remand to State Court, Defendant District of Columbia's [6] Motion to Dismiss, and Officers Gregory Curry and Nicole Spady's [7] Motion to Dismiss. Because Plaintiff has failed to respond to Defendants' motions to dismiss, these motions are GRANTED as conceded. Since the remaining negligence claim against Defendants ABC Licensed Bars No. 1-3 is premised on state law, and Plaintiff has failed to plead diversity jurisdiction, the Court GRANTS Plaintiff's [4] Motion to Remand to State Court and remands the remainder of this action to the Superior Court of the District of Columbia. The Court's resolution of these motions and its disposition of this action have no effect on the parallel proceeding currently pending before this Court, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316.

The facts of this case are largely immaterial to the present motions. Accordingly, the Court provides only the procedural basis for this opinion. Plaintiff filed two parallel suits concerning the same facts and raising identical claims. The first suit, *Sheikh v. District of*

1

*Columbia, et al.*, No. 14-cv-316, was filed in this Court and assigned to the undersigned judge. The second suit – the instant case – was initially filed in the Superior Court of the District of Columbia and removed to this Court by Defendants, where it was assigned to the undersigned judge as a related case to *Sheikh v. District of Columbia, et al.*, No. 14-cv-316. *See* Notice of Related Case, ECF No. [2]. Plaintiff subsequently filed a Motion to Remand, *see* Pl.'s Mot. to Remand to State Court, ECF No. [4] ("Pl.'s Mot."), which Defendants District of Columbia, Spady, and Curry opposed, *see* Defs.' Dist. of Columbia, Nicole Spady, and Gregory Curry's Mem. of P. & A. in Opp'n to Pl.'s Mot. to Remand to State Court, ECF No. [9-1] ("Defs.' Opp'n"). Defendants ABC Licensed Bars No. 1-3 have not yet entered an appearance.

On May 16, 2014, Defendants District of Columbia, Spady, and Curry filed motions to dismiss. *See* Def. Dist. of Columbia's Mot. to Dismiss, ECF No. [6]; Def. Nicole Spady and Gregory Curry's Mot. to Dismiss, ECF No. [7]. Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), Plaintiff was required to respond to Defendants' motions to dismiss by no later than June 2, 2014. As of the date of this Memorandum Opinion, the public docket reflects that Plaintiff has not filed a response to either Defendant District of Columbia's [6] Motion to Dismiss or Officers Gregory Curry and Nicole Spady's [7] Motion to Dismiss. Accordingly, the Court shall treat Defendants' motions to dismiss as conceded and dismiss Defendants District of Columbia, Officer Curry, and Officer Spady from this case without prejudice. See LCvR 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

The Court finds that it has jurisdiction to grant Defendants' motions as conceded. Although Plaintiff has filed a Motion to Remand, his arguments that this Court lacks subject matter jurisdiction to act are frivolous. Plaintiff argues that this Court lacks jurisdiction based on

*Mahaffey v. Bechtel Assoc. Professional Corp.*, 699 F.2d 545 (D.C. Cir. 1983). *See* Pl.'s Mot. at 1-2. Yet, *Mahaffey* is inapposite here. In *Mahaffey*, the D.C. Circuit held that "[w]hen federal jurisdiction predicated upon diversity of citizenship is properly asserted, the prior commencement of an action in a local court may justify abatement of the federal action." 699 F.2d at 546. This holding is immaterial here, as jurisdiction in this case is not predicated on diversity jurisdiction. Plaintiff's Complaint pleads multiple claims under 42 U.S.C. § 1983, clearly providing a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 and providing a basis for removal pursuant to 28 U.S.C. § 1441. *See* Compl., ECF [5-1] ¶¶ 1, 11, 19, 24. *See also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997) ("By raising several claims that arise under federal law, [plaintiff] subjected itself to the possibility that the City would remove the case to the federal courts"). Given Plaintiff's decision to invoke federal law, the Court has jurisdiction to rule on Plaintiff's claims, and thus grant Defendants District of Columbia and Officers Spady and Curry's motions to dismiss as conceded.

Having granted Defendants District of Columbia and Officer Spady and Curry's motions to dismiss, there is no longer a federal question in this litigation. The only remaining Defendants in this action are Defendants ABC Licensed Bars Nos. 1-3 and the only claim asserted against these Defendants is negligence in violation of state law. Compl., ECF No. [5-1] ¶¶ 27-35. Plaintiff has not pled complete diversity jurisdiction under 28 U.S.C. § 1332. *See id.* ¶ 1.e ("Defendants ABC Licensed Bars 1, 2, and 3 are *presently unknown* alcohol dispensing establishments that hold licenses issued by the District of Columbia.") (emphasis added). *See also Dist. of Columbia ex rel. Amer. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1043-44 (D.C. Cir. 1986) (noting that the plaintiff bears burden of pleading jurisdiction). In his Motion to Remand, Plaintiff argues that he has "made due and diligent efforts to determine the

citizenship of the ABC establishments who contracted for the defendant officers duties," including previously serving a subpoena on Chief of Police Cathy Lanier seeking information related to the ABC establishments. Pl.'s Mot. at 2. Yet Plaintiff is not seeking to enforce this subpoena in this litigation. Rather, he appears to argue that Chief Lanier's failure to respond to his subpoena excuses his burden to plead diversity jurisdiction. He cites no authority for this proposition, and the Court is unwilling to find hypothetical diversity jurisdiction in Chief Lanier's silence. Moreover, in its Opposition brief, Defendant provides reason to believe that this subpoena did not require a response from Chief Lanier, as it was issued after the relevant proceedings were dismissed and without a court order. Defs.' Opp'n at 3-4.

Given that Plaintiff has failed to show diversity jurisdiction, the only available basis for federal subject matter jurisdiction over Plaintiff's remaining negligence claim is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, the Court concludes that remand to the Superior Court of the District of Columbia, rather than the exercise of supplemental jurisdiction, is appropriate. First, and most importantly, Plaintiff explicitly seeks the remand of this action to the Superior Court of the District of Columbia. Pl.'s Mot. at 1. Second, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Accordingly, the Court grants Plaintiff's Motion to Remand and remands this matter to the Superior Court of the District of Columbia. An appropriate Order accompanies this Memorandum Opinion. The Court's resolution of these motions and its disposition of this action

have no effect on the parallel proceeding currently pending before this Court, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316.

Dated: June 23, 2014

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
