UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAHID SHEIKH,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 14-798 (CKK)

MEMORANDUM OPINION
(July 7, 2014)

Presently before the Court is Plaintiff's [12] Motion Under Fed. R. Civ. Proc. Rule 59(e) ("Pl.'s Mot."). Plaintiff moves this Court to re-open this case and modify its June 23, 2014 [10] Order dismissing portions of this case and remanding the remainder to the Superior Court of the District of Columbia. For the reasons stated below, Plaintiff's motion is DENIED.

Plaintiff, represented by counsel, filed two parallel suits concerning the same facts and raising identical claims against the same Defendants. The first suit, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316 (D.D.C. filed Feb. 26, 2014) ("*Sheikh I"*), was filed in this Court and assigned to the undersigned judge. The second suit – the instant case – was initially filed in the Superior Court of the District of Columbia and removed to this Court by Defendants District of Columbia and Officers Gregory Curry and Nicole Spady, where it was assigned to the undersigned judge as a related case to *Sheikh I*. *See Sheikh v. District of Columbia, et al.*, No. 14-cv-798 (D.D.C. removed May 12, 2014). Plaintiff subsequently filed a Motion to Remand in this case, *see* Pl.'s Mot. to Remand to State Court, ECF No. [4], which Defendants District of Columbia, Spady, and Curry opposed, *see* Defs.' Dist. of Columbia, Nicole Spady, and Gregory Curry's Mem. of P. & A. in Opp'n to Pl.'s Mot. to Remand to State Court, ECF No. [9-1].

On May 16, 2014, Defendants District of Columbia, Spady, and Curry filed motions to dismiss in this case. *See* Def. Dist. of Columbia's Mot. to Dismiss, ECF No. [6]; Def. Nicole Spady and Gregory Curry's Mot. to Dismiss, ECF No. [7]. Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), Plaintiff was required to respond to Defendants' motions to dismiss by no later than June 2, 2014. When Plaintiff failed to file a response to either motion to dismiss, the Court granted these motions as conceded and dismissed Defendants District of Columbia, Officer Curry, and Officer Spady from this case without prejudice. *See* Order, ECF No. [10]. *See also* LCvR 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). The Court made clear that this ruling had no effect on the parallel proceedings in *Sheikh I*. *See* Mem. Op., ECF No. [11] at 1, 4-5. Having granted these motions to dismiss, the Court concluded that there was no longer a federal question in this litigation and Plaintiff had not established complete diversity on his common law claim against the remaining Defendants, ABC Licensed Bars Nos. 1-3. *Id.* at 3-4. Accordingly, the Court granted Plaintiff's motion to remand and returned this case to the Superior Court of the District of Columbia. *Id.* at 4-5.

In his present motion, Plaintiff requests that the Court vacate its decision dismissing Defendants District of Columbia and Officers Curry and Spady from this litigation without prejudice and remand the case to the Superior Court of the District of Columbia as it was originally filed. Pl.'s Mot. at 1. As grounds for this motion, Plaintiff points to the docket in the parallel proceedings, *Sheikh I*. In that case, Defendant District of Columbia filed a motion to dismiss on March 27, 2014. *See* Def. Dist. of Columbia's Mot. to Dismiss, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316, ECF No. [4]. In addition, on May 8, 2014, Defendants Officers Curry and Spady filed a motion to dismiss Plaintiff's claims against them. *See* Def. Nicole

2

Spady and Gregory Curry's Mot. to Dismiss, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316, ECF No. [13]. On April 8, 2014, Plaintiff filed an opposition to Defendant District of Columbia's motion, and on May 28, 2014, Plaintiff filed an opposition to Defendants Officers Curry and Spady's motion. *See* Pl.'s Opp'n to Dist. of Columbia's Mot. to Dismiss, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316, ECF No. [6]; Pl.'s Opp'n to Def. Nicole Spady's and Gregory Curry's 12(b)(6) Mot. to Dismiss, *Sheikh v. District of Columbia, et al.*, No. 14-cv-316, ECF No. [14]. Defendants' motions in *Sheikh I* are identical to the motions filed in this case, which the Court granted as conceded when Plaintiff failed to respond. Plaintiff now argues that the Court should have viewed his oppositions to the motions to dismiss in *Sheikh I* as incorporated by reference in this case, given that Defendants' motions are identical. He argues that the Court should not have required him to re-file his oppositions in *Sheikh I* in this case and that the decision to grant the motions in this case as conceded constitutes an abuse of discretion. Plaintiff therefore seeks relief pursuant to Federal Rule of Civil Procedure 59(e).

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping*

*Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has failed to meet the standard of Rule 59(e) here. Plaintiff repeatedly states that he thought the "mindless" step of re-filing his oppositions in *Sheikh I* was unnecessary. Pl.'s Mot. at 3-4. Therefore, without the slightest indication, he expected the Court to make the mental leap that his oppositions in *Sheikh I* were incorporated by reference as oppositions to Defendants' motions to dismiss in this case. To be sure, Plaintiff was not required to re-file his oppositions verbatim, but he was required to file *something*. At the very least, Plaintiff could have filed a brief notice indicating that he was incorporating his previous oppositions by reference. Although filings that employ incorporation by reference are disfavored, such action would have at least placed the Court on notice of Plaintiff's intentions. In the absence of *any* filing from Plaintiff in response to Defendants' motions to dismiss, the Court cannot be expected to guess at Plaintiff's intentions in remaining silent. Yet this was the course chosen by Plaintiff. The Court is not a mind reader, and Plaintiff's expectation that it predict and comprehend every movement in his litigation strategy in the absence of at least some notice or explanation is simply unjustifiable.

Plaintiff chose to file two separate cases. Defendants, quite reasonably, chose to file their motions to dismiss in two cases, as a motion to dismiss in one case would not automatically apply to a parallel proceeding. The Court is bewildered by Plaintiff's repeated insistence that these two cases should be treated as one, such that filings in one case should be treated as filed in the other. The parties never moved to consolidate these actions, nor has there been any indication that filings in one action are deemed filed in the related proceeding. For Plaintiff to assume that the Court would understand his intentions without any indication to the Court was

4

unwarranted.

Furthermore, based on the information presented to the Court, it was perfectly reasonable to conclude that Plaintiff *had* chosen to concede the motions to dismiss in this case. Despite Plaintiff's complaints to the contrary, the Court *did* look to the record in *Sheikh I* in addressing the motions in the present case. And in that case, Defendants Curry and Spady's Consent Motion to File Reply Memorandum Nunc Pro Tunc states "[a]lso pending before this Court is an identical case, *Shahid Sheikh v. District of Columbia*, C.A. No. 14-cv-798 (CKK), in which the Defendants, including Defendant District of Columbia, have filed motions to dismiss, which Plaintiff has not opposed." *See* Defs. Curry and Spady's Consent Motion to File Reply Mem. Nunc Pro Tunc, *Sheikh v. Dist. of Columbia, et al.*, No. 14-cv-316, ECF No. [16]. Defendants filed this motion on June 12, 2014. The Court did not grant Defendants' motions to dismiss as conceded in this case until June 23, 2014. *See* Order, ECF No. [10]. At no point in the interim did Plaintiff object to this characterization that he had conceded Defendants' motions in this case. In fact, Plaintiff's consent to the relief sought by Defendant in their motion to file reply memorandum nunc pro tunc suggested to the Court that he *agreed* with this characterization.

In addition, logic and a basic understanding of civil procedure supported the Court's decision to grant the motions as conceded and return the case to Superior Court. Plaintiff premised his decision to file two separate lawsuits on the fear that diversity might be destroyed in the federal court litigation. Pl.'s Mot. at 1-2. *See also* Pl.'s Mot. to Remand to State Court, ECF No. [4] at 3-4. At the time he filed his complaint in *Sheikh I*, Plaintiff was unaware of the identities of Defendants ABC Licensed Bars Nos. 1-3. Although Plaintiff alleged constitutional claims against Defendants District of Columbia and Officers Curry and Spady – providing a basis for federal court jurisdiction against these Defendants – he only alleged negligence against

5

Defendants ABC Licensed Bars Nos. 1-3. *See* Compl., *Sheikh v. District of Columbia, et al.*, No. 14-cv-316, ECF No. [1]. Accordingly, Plaintiff apparently feared that if the Court dismissed his constitutional claims against Defendants District of Columbia and Officers Curry and Spady in *Sheikh I*, and he later discovered that Defendants ABC Licensed Bars Nos. 1-3 were not diverse, his claims would be dismissed from federal court for lack of subject matter jurisdiction. Therefore, presumably as a precaution against this possibility, Plaintiff filed a separate suit – this suit – in District of Columbia court. Yet Plaintiff's fears did not require him to re-file his *entire* suit in Superior Court, as the eventual removal of this case made clear. Defendants District of Columbia and Officers Curry and Spady properly recognized that the constitutional claims against them provided a basis for federal court jurisdiction and removed this case to federal court. The only portion of Plaintiff's claims that could be affected by a lack of diversity between Plaintiff and Defendants ABC Licensed Bars Nos. 1-3 would be Plaintiff's negligence claims against Defendants ABC Licensed Bars Nos. 1-3. This Court would never lack subject matter jurisdiction over the constitutional claims against Defendants District of Columbia and Officers Curry and Spady, and supplemental jurisdiction over the negligence claims against these Defendants would be appropriate. Accordingly, when Plaintiff failed to respond to Defendants District of Columbia and Officers Curry and Spady, the Court understood him to acquiesce in dismissal of these appropriately federal claims, allowing for remand of the portion of this case where federal court jurisdiction remained dubious. This course would guard against Plaintiff's fear that any eventually revealed diversity would require dismissal of Plaintiff's claims against Defendants ABC Licensed Bars Nos. 1-3 in *Sheikh I*. Plaintiff now loudly complains that this was *not* what he intended. But by choosing to remain silent, he left the Court to guess at his motives and litigation strategy. Having squandered his opportunity to respond, he will not be

heard now to complain after the fact.

Perhaps recognizing that the Court could not be expected to clearly interpret his silence, Plaintiff suggests that the Court should have advised him of the possibility that Defendants' motions would be granted as conceded if he failed to respond. Pl.'s Mot. at 6-7. This argument goes nowhere. The Court was not required to advise Plaintiff's counsel of his obligation to respond to a motion to dismiss in this case. While the Court must advise *pro se* plaintiffs of the consequences of failing to file an opposition, *see Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), Plaintiff is represented by experienced counsel, who is presumed to have an understanding of the legal system. Plaintiff was therefore not entitled to a warning that failing to respond to Defendants' motions to dismiss would result in the granting of these motions as conceded.

Finally, the Court must make the larger point that it is puzzled by Plaintiff's decision to even file this vigorous (though unfounded) motion. Despite the Court's decision, Plaintiff still has multiple avenues for pursuing his claims. Most obviously, his parallel case raising an identical set of claims remains pending before this Court. Again, although the Court granted Defendants' motions to dismiss as conceded in this case, the Court made clear that this decision had no effect on the merits of *Sheikh I*, which remain undecided. *See* Mem. Op., ECF No. [11] at 1, 4-5.

Moreover, the Court fails to understand Plaintiff's continued desire to pursue this matter simultaneously in state and federal court. As noted, Plaintiff has repeatedly explained his decision to bring two parallel actions by citing his fear that Defendants ABC Licensed Bars Nos. 1-3 (whose identity was previously unknown) might destroy complete diversity in his original federal court case, *Sheikh I*. Pl.'s Mot. at 1-2. *See also* Pl.'s Mot. to Remand to State Court,

7

ECF No. [4] at 3-4. Yet looking to the filings in the parallel case reveals that Plaintiff has subsequently discovered the identity of ABC Licensed Bars Nos. 1-3. *See* Am. Compl., *Sheikh v. District of Columbia, et al.,* No. 14-cv-316, ECF No. [20] at 1-2. These Defendants are District of Columbia establishments and because Plaintiff is a Virginia resident, diversity exists between these parties. *Id.* Accordingly, there is now no need to fear that *Sheikh I* will be dismissed for lack of diversity. Plaintiff's parallel lawsuit in District of Columbia court has thus been rendered unnecessary. Therefore, the Court simply cannot understand why Plaintiff so strenuously argues for this case to be re-opened, for Defendants District of Columbia and Officers Curry and Spady to be restored, and for this case to be remanded to the Superior Court of the District of Columbia.

In any case, these final points are largely irrelevant to the merits of the present motion. Nevertheless, they do go to show that Plaintiff's intentions and actions in this litigation (and its sister litigation) have often been perplexing. To the extent Plaintiff expected the Court to read his mind when he failed to file oppositions to Defendants' motions to dismiss, and to understand his silence as a clear signal that he was incorporating his oppositions in a different case by reference, his expectations were unjustified.

Accordingly, for the reasons stated, the Court DENIES Plaintiff's [12] Motion Under Fed. R. Civ. Proc. Rule 59(e). An appropriate Order accompanies this Memorandum Opinion.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE